In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-513 CV


____________________



JAMES LOUIS COOK, JR., Appellant



V.



LARRY A. NEWMAN and GERALD D. NEWMAN, JR., Appellees






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 01-04-02695-CV






MEMORANDUM OPINION


 Larry A. Newman and Gerald D. Newman, Jr. filed suit against James Louis Cook,
Jr., Ulysess Manns, and Kevin Lincoln, individually and d/b/a/ Lincoln Logging, for trespass,
unauthorized harvesting, conversion, negligence, and civil conspiracy. The Newmans further
alleged the conduct of Manns and Cook was committed maliciously and knowingly, entitling
them to punitive damages. Following trial to a jury, the trial court entered judgment against
Cook and Manns, finding them jointly and severally liable for damages totaling $65,265. 
Punitive damages were assessed against Manns, but not Cook, and a take-nothing judgment
was entered as to Lincoln. Cook is the only party appealing the judgment.

 Cook's brief raises seven issues. Cook conceded issues one, two and seven at oral
argument. Issues three through six attack the jury's sole finding against Cook, which was
for negligence. Cook claims the trial court erred in entering judgment that he was negligent
and that his negligence proximately caused the Newmans' damages. We first address the
question of causation, raised in issue six. 

 The two elements of proximate cause are cause in fact and foreseeability. See IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).
"Cause in fact is established when the act or omission was a substantial factor in bringing
about the injuries, and without it, the harm would not have occurred." Id. at 799 (citing Doe
v. Boys Club of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)). Where the actor's
negligence only furnishes a condition which makes the damages possible, cause in fact is not
established. Id. The actor's conduct may be too attenuated from the resulting injury to have
been a substantial factor in giving rise to the harm. Id. In sum, "[w]here the initial act of
negligence was not the active and efficient cause of plaintiffs' injuries, but merely created
the condition by which the second act of negligence could occur, the resulting harm is too
attenuated from the defendants' conduct to constitute the cause in fact of plaintiff's injuries." 
Id. 

 The Newmans alleged Cook was negligent in failing to identify his property
boundaries. On appeal, they further suggest Cook was negligent in failing to monitor Manns
and in giving him access (through Cook's land) to their property. However, these lapses
could have only, at most, furnished a condition which made it possible for Manns to commit
the theft.

 The record reflects that prior to trial Manns pleaded guilty to theft and was sentenced
to two year's confinement in a state jail. The sentence was suspended and Manns was placed
under community supervision for a term of four years. At trial, Manns admitted to
intentionally taking logs from the Newmans' property. Cook's alleged failure to adequately
identify the property boundaries was irrelevant since Manns admitted to knowingly, rather
than mistakenly, taking timber from the Newmans' property. Likewise Cook's alleged
failure to watch Manns did not bring about the theft; it merely allowed it to happen. 
Likewise, Manns' presence on Cook's property gave Manns access to the Newmans'
property, but did not cause the theft. The record does not establish Cook's negligence, if
any, was the proximate cause of the Newmans' damages. The connection between Cook's
conduct and the resulting injury is too attenuated to constitute legal cause. See Brookshire
Bros., Inc. v. Lewis, 997 S.W.2d 908, 912 (Tex. App.--Beaumont 1999, pet. denied). 
Accordingly, issue six is sustained. We do not address appellant's other issues as they would
afford no greater relief. 

 We reverse that part of the judgment finding Cook jointly and severally liable for
damages totaling $65,265 and render judgment that appellees take nothing as to Cook. In
all other respects the judgment of the trial court is affirmed.

 REVERSED AND RENDERED IN PART; AFFIRMED IN PART





 CHARLES KREGER

 Justice


Submitted on April 14, 2005

Opinion Delivered July 14, 2005



Before McKeithen, C.J., Kreger, and Horton, JJ.